UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jingang Yang<br><br>*Plaintiff*,<br><br>v.<br><br>Britannica Home Fashions, Inc.,<br><br>*Defendant*. | **CASE NO.** 1:25-cv-06898<br><br>**JURY DEMAND** |

**COMPLAINT**

Plaintiff Jingang Yang ("Plaintiff") hereby brings this design patent infringement action against Defendant Britannica Home Fashions, Inc. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This action is for patent infringement arising under the patent law of the United States, 35 U.S.C. § 1, et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289.

2. This lawsuit pertains to Defendant's infringement of Plaintiff's U.S. Design Patent No. D1,047,519 (the "D'519 Patent"). A true and complete copy of the D'519 Patent is attached hereto as Exhibit A. The D'519 Patent protects the ornamental design of the Arm Rest Cushion.

**PARTIES**

3. Plaintiff, Jingang Yang, is a Chinese individual who resides in Sichuan, China. Plaintiff is the inventor and owner of all right, title, and interest in the D'519 Patent.

1

4. Upon information and belief, Defendant Britannica Home Fashions, Inc. is a corporation organized under the laws of the State of New York, with its principal place of business at 214 West 39th Street, Suite 1200, New York, New York 10018.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant is subject to personal jurisdiction in this District because it resides in New York and maintains its principal place of business at 214 West 39th Street, Suite 1200, New York, NY 10018, and has committed acts of infringement in this District.

7. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant resides in this District and/or has committed acts of infringement and has a regular and established place of business here.

## FACTUAL BACKGROUND

8. The D'519 Patent was filed on March 21, 2023, and was issued on October 22, 2024. *See* Exhibit A.

9. Plaintiff is the designer of the claimed ornamental design of the D'519 Patent and owns all right, title, and interest in and to the patent.

10. Plaintiff also manufactures and sells the Arm Rest Cushion products that embody the claimed design of the D'519 Patent.

11. Plaintiff recently discovered that Defendant is offering for sale and selling arm rest cushion products (the "Accused Products") that embody the claimed design of the D'519 Patent, including at Costco retail stores as shown below.



12. The Accused Products are substantially similar to—and create the same overall visual impression as—the claimed ornamental design of the D'519 Patent under the ordinary observer test.

13. On information and belief, and as reflected on Defendant's website (https://www.britannicahome.com/), Defendant also manufactures, offers for sale, and sells the Accused Products through additional retail and online marketplaces, including but not limited to Target, Amazon, and Nordstrom, in this District and throughout the United States.

<u>**COUNT I**</u>
**(INFRINGEMENT OF THE D'519 PATENT)**

14. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

15. Defendant has been, and presently is, infringing the D'519 Patent by manufacturing, importing, using, selling and/or offering for sale infringing arm rest cushion products that embody the patented design disclosed in the D'519 Patent, in violation of 35 U.S.C. § 271.

16. Defendant is not licensed or otherwise authorized by Plaintiff to make, use, import, sell or offer to sell any products covered by the D'519 Patent and its conduct is, in every instance, without Plaintiff's consent.

17. The design of the Accused Products is substantially similar to the claimed design of the D'519 Patent as shown below that an ordinary observer would be deceived into purchasing the Accused Products in the mistaken belief that they include the design disclosed in the D'519 Patent.

18. Specifically, the overall appearance of the ornamental design claimed in the D'519 Patent and the corresponding design of the Accused Products are substantially the same. They share the same overall footprint and proportions, similar corner/edge treatment, a comparable low-profile side silhouette, and a matching arrangement of visible surface lines/panel breaks.



| The D'519 Patent | Accused Products |
|---|---|



19. Defendant has infringed the D'519 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendant's infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented design. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

20. Unless a preliminary and permanent injunction is issued enjoining Defendant and all others acting in active concert therewith from infringing the Patent, Plaintiff will continue to be irreparably harmed.

21. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289.

22. Defendant's infringement has been—and continues to be—willful, at least as of the time it had knowledge of the D'519 Patent and/or service of this Complaint, by continuing its infringing activities with reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to enhanced damages under 35 U.S.C. § 284, and, because this is an exceptional case, an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. offering for sale, selling, and importing any products not authorized by Plaintiff that embody or practice any reproduction, copy or colorable imitation of the ornamental design claimed in the D'519 Patent;

    b.    aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the D'519 Patent; and

    c.    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)    Ordering Defendant to account for all gains, profits and advantages derived from the acts of patent infringement alleged herein and for any and all unauthorized use of the D'519 Patent;

3)    Ordering that Defendant to disgorge the profits from their sales of infringing products or to pay damages adequate to compensate Plaintiff for Defendant's infringement of the D'519 Patent, in an amount no less than a reasonable royalty for the use made of the design disclosed in the D'519 Patent, together with interests and costs as fixed by the Court, pursuant to 35 U.S.C. § 284.

4)    That the Court increase the damages up to three times the amount found or assessed, after an accounting, pursuant to 35 USC § 284.

5)    Ordering that Defendant be ordered to pay to Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Defendant's intentional and willful misconduct that renders this an exceptional case, pursuant to 35 U.S.C. § 285; and

6)    Any and all other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: August 20, 2025 | /s/ Wei Wang |
| | Wei Wang, Esq. |
| | GLACIER LAW LLP |

41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073

Tao Liu, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Tao.liu@glacier.law
***Attorney for Plaintiff***