**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JINGANG YANG, <br><br> Plaintiff, <br> -against- <br><br> BRITTANNICA HOME FASHION, INC., <br><br> Defendant. | Civil Action No.: 1:25-cv-06898 <br><br><br> STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |

Paul A. Engelmayer, United States District Judge:

WHEREAS Plaintiff JINGANG YANG and Defendant BRITTANNICA HOME FASHION, INC. to this action (collectively, the "Parties" and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain competitively sensitive, nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and competitively sensitive information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants,

2

all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Protected Discovery Material") shall not disclose such Protected Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing or disclosing any given Discovery Material may designate as "Confidential" only such portion of such material that it reasonably and in good faith believes consists of non-public, confidential, proprietary, or commercially sensitive information, the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

b) previously nondisclosed material relating to ownership or control of any non-public company;

c) previously nondisclosed business plans, product development, technical information, or marketing plans, or nondisclosed communications relating to the same;

d) any information of a personal or intimate nature regarding any individual; or

e) any other category of information hereinafter given confidential status by the Court.

3.    The Parties agree in advance that a Producing Party may designate as "Confidential – Attorneys' Eyes Only" only the portion(s) of Discovery Material that it reasonably, in good faith, believes consists of highly commercially sensitive confidential information, the disclosure of which would create a substantial risk of serious competitive injury, including, but not limited to, proprietary information, trade secrets, previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins), previously non-disclosed business plans, product-development or technical information, or marketing plans, or nondisclosed communications relating to the same, and/or any information of a personal or intimate nature regarding any individual.

4.    With respect to the Confidential or Confidential – Attorneys' Eyes Only portion(s) of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted. Wherever practicable, the "Confidential" or "Confidential – Attorneys' Eyes Only" designation shall be made prior to, or contemporaneously with, the production or disclosure of the Discovery Material.

5.    With respect to deposition transcripts, a producing person or that person's counsel may designate the transcript or any portion thereof as Confidential or Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that the subject matter or a

4

specific question calls for Confidential or Confidential – Attorneys' Eyes Only information, or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, that the transcript or specific pages and lines of the transcript, and/or the specific exhibits are to be designated "Confidential" or "Confidential – Attorneys' Eyes Only", in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential – Attorneys' Eyes Only.

6.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential or Confidential – Attorneys' Eyes Only, she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential or Confidential – Attorneys' Eyes Only under the terms of this Protective Order. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Confidential – Attorneys' Eyes Only" designation within two business days of providing such notice.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a) the Parties to this action, as identified infra, their insurers, and counsel to their insurers;

b) outside counsel retained specifically for this action and has entered an appearance in this case,

c)  any paralegal, clerical, attorney or other assistant employed by outside counsel who meet the requirements under section (b);

d) in-house counsel, licensed to practice in the United States, for the Parties herein, if any, who are necessary for the furtherance of this litigation, including any paralegal, clerical, or other assistant that such in-house counsel employs and assigns to this matter, provided the parties agree on the manner of what is being disclosed to such person(s);

e) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

f)  any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g) as to any document, its author, its addressee, and any other person indicated on the face of the document as having previously received a copy;

h) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

i)  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person

has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and provide that the retaining Party has produced a current curriculum vitae of the person, including a list of other cases in which the person has provided a report or testified (at trial or deposition) and a list of companies that the person has been employed by or provided consulting services to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment at least ten (10) days before access to the Protected Discovery Material is to be given. The designating Party may notify the retaining Party that it objects to disclosure of Protected Discovery Material to the person. The Parties agree to promptly confer and use good faith to resolve any such objection. No disclosure shall occur until all such objections are resolved by agreement or Court order;

j) stenographers engaged to transcribe depositions conducted in this action;

k) this Court, including any appellate court, and the court reporters and support personnel for the same; and

l) any other persons who may be specifically designated by consent of all Parties' counsel of record or pursuant to an order of the Court, provided that such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

8. Where a Producing Party has designated Discovery Material as Confidential – Attorneys' Eyes Only, such Discovery Material may only be disclosed to:

a) outside counsel retained specifically for this action, provided that such counsel has entered an appearance in this case, including any paralegal, clerical, attorney and other assistant that such outside counsel employs and assigns to this matter;

b) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having previously received a copy;

d) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f) stenographers engaged to transcribe depositions the Parties conduct in this action;

g) this Court, including any appellate court, its support personnel, and court reporters; and

h) any other persons who may be specifically designated by consent of all Parties' counsel of record or pursuant to an order of the Court, provided that such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

9.    Prior to any disclosure of any Protected Discovery Material to any person referred to in subparagraphs 5(e), 5(g), 5(h), 5(k), 8(c), 8(e), 8(f) or 8(i) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.    Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 1(C) of this Court's Individual Practices in Civil Cases.

11.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. The receiving Party subject to such obligation shall promptly inform the third party of the request and that the third party may seek a protective order or other relief from this Court.

12.    Recipients of Protected Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Protected Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this

Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13.    All persons seeking to file redacted documents or documents under seal with the Court shall follow ~~Rule 2(H)~~ Rule 4(B) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Protected Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Protected Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Protected Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

15.    Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Protected Discovery Material itself, and not text that in no material way reveals the Protected Discovery Material.

16.    Each person who has access to Discovery Material that has been designated as Confidential or Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

18.    This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, all Discovery Material designated as "Confidential," or "Confidential – Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Discovery Material remain subject to the limitations of this Protective Order.

19.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall

retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.


SO STIPULATED AND AGREED.


/s/ Joseph A. Farco_____        /s/ Gregg A. Paradise_____
Dated: March 31, 2026                          Dated: March 31, 2026



GOOD CAUSE HAVING BEEN SHOWN BY THE PARTIES, AND THE PARTIES HAVING STIPULATED THERETO, IT IS HEREBY ORDERED THAT THE FOREGOING PROTECTIVE ORDER IS ENTERED.

Dated: _____3/31/26_____

New York, New York          _Paul A. Engelmayer_____
                                             Paul A. Engelmayer

12