**LernerDavid**
INTELLECTUAL PROPERTY LAW

Lerner David LLP
20 Commerce Drive
Cranford, NJ 07016
908 654 5000 main
lernerdavid.com

**Gregg A. Paradise**
908.518.6323
gparadise@lernerdavid.com

September 11, 2026

**ECF CASE**
The Honorable Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2201
New York, NY 10007

Re: *Jingang Yang v. Britannica Home Fashions, Inc.*
Case No: 25-CV-6898-PAE-SLC
Discovery Dispute Letter

Dear Judge Engelmayer:

We represent Defendant Britannica Home Fashions, Inc. ("BHF"). We write pursuant to Your Honor's Individual Rules and Practices in Civil Cases regarding a discovery dispute between the parties.

On August 5, 2026, BHF served a 30(b)(1) Notice of Deposition on Plaintiff Jingang Yang ("Yang" or "Plaintiff") to take Mr. Yang's deposition in person in New York on August 12, 2026. Thereafter, the undersigned has regularly contacted Plaintiff's counsel to arrange the deposition. Mr. Yang, a Chinese individual, is the sole plaintiff and the owner and inventor of the asserted patent in this matter. The parties have been unable to arrange a date for Mr. Yang's deposition or settle on a location.

At one point, counsel for Mr. Yang noted that there could be delays in obtaining a necessary visa to travel to the United States. However, to the undersigned's knowledge, no efforts have been undertaken by Mr. Yang to apply for a visa to be deposed in the United States. As Mr. Yang has chosen to bring suit in this forum, BHF is entitled to take his deposition in person in New York. This has been well established in this district.[1] Despite multiple communications between counsel

[1] *See Arora v. Standard Chtd. Bank,* No. 25-CV-4041, 2026 U.S. Dist. LEXIS 63782, at *3 (S.D.N.Y. Mar. 23, 2026) ("[t]here is a general presumption that a plaintiff who chooses a particular forum should be prepared to be deposed in that forum."); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 939 (S.D.N.Y. 1984) ("[T]his Court has long enunciated the policy of requiring a non-resident plaintiff who chooses this district as his forum to appear for deposition in

LernerDavid
INTELLECTUAL PROPERTY LAW



regarding the logistics of arranging an in-person deposition of Mr. Yang, it was not until August 26, 2026 (after the completion of depositions of BHF's witnesses), that Plaintiff's counsel conveyed to the undersigned that Mr. Yang's foreign agent represented that Mr. Yang had health concerns with travelling to the United States. Plaintiff's counsel has attempted to ascertain further details and corroborating documentation regarding this health issue but has been unsuccessful. Email communications exchanged between the parties reflecting these discussions are attached hereto as Exhibits A through C.

Mr. Yang's failure to meaningfully participate in an action he initiated has become a pattern. Indeed, leading up to the Court-ordered mediation, it was understood that Mr. Yang would participate remotely as he was included on Plaintiff's Attendance Acknowledgement Form submitted to The Honorable Judge Cave on February 12, 2026, in advance of the virtual settlement conference that was scheduled for April 15, 2026. Mr. Yang did not, in fact, appear for mediation. Rather, Mr. Yang's foreign agent participated in his place. BHF, however, has fully participated in all aspects of this case without full cooperation by Mr. Yang.

The deposition of Mr. Yang, the sole plaintiff and the owner and inventor of the asserted patent, is essential. Moreover, BHF is entitled to take the deposition in person in the forum in which Mr. Yang chose to file suit. Accordingly, BHF respectfully requests the Court's assistance in compelling the cooperation of Mr. Yang, and further requests that all other aspects of the proceeding be suspended pending the completion of Mr. Yang's deposition to ensure that BHF is not unfairly prejudiced during the remaining phases of this litigation. Alternatively, BHF requests a conference before Your Honor to address this issue, as perhaps the Court's assistance can lead to a resolution.

Your Honor's consideration of this request is appreciated.

---

this forum absent compelling circumstances."); *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13 Civ. 5032-ER-KNF, 2014 U.S. Dist. LEXIS 64502, at *9-10 (S.D.N.Y. Apr. 25, 2014) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for [a] deposition."); *Wei Su v. Sotheby's, Inc.* 2019 U.S. Dist. LEXIS 146667, at *4 (Aug. 28, 2019) ("Plaintiffs should have reasonably anticipated being required to appear in this district for depositions or other proceedings, including trial."); *Wu v. Sushi Nomado of Manhattan, Inc.*, No. 17cv04661-MKV-DF, 2021 U.S. Dist. LEXIS 209607, at *29 (S.D.N.Y. Oct. 29, 2021) (finding that the court "retains the power to order a party subject to its jurisdiction to proceed with discovery."); *Wultz v. Bank of China Ltd.*, 910 F. Supp. 2d 548, 552 (S.D.N.Y. 2012) (granting plaintiff's motion to compel discovery notwithstanding that production would violate Chinese law).

LernerDavid
INTELLECTUAL PROPERTY LAW



Respectfully submitted,

LERNER DAVID LLP
*Attorneys for Defendant*
*Britannica Home Fashions, Inc.*

By /s/ Gregg A. Paradise
Gregg A. Paradise

cc: All Counsel of Record (via ECF)

Per the Court's Individual Rule 2(E) governing discovery disputes, plaintiff's response to defendant's letter is due September 21, 2026.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 16, 2026
New York, New York